Minute Order Form (06/97)

JS 6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5921 | **DATE** | 2/20/2002 |
| **CASE TITLE** | EDWARD DRYG vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Dryg's amended section 2255 motion to vacate or set aside his conviction and sentence is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 21 2002 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TBK courtroom deputy's initials | | 02 FEB 20 AM 11:37 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
FEB 2 1 2002

EDWARD DRYG,            )
                        )
        Petitioner,     )
                        )
v.                      )   No. 01 C 5921 (99 CR 763)
                        )   Paul E. Plunkett, Senior Judge
UNITED STATES OF AMERICA, )
                        )
        Respondent.     )

## MEMORANDUM OPINION AND ORDER

On September 12, 2000, Edward Dryg pleaded guilty to violating 18 U.S.C. § 2423(b), which prohibits traveling in interstate commerce for the purpose of engaging in a sex act with a person under the age of eighteen. Dryg did not appeal his conviction or sentence. He has now filed an amended motion pursuant to 28 U.S.C. § 2255 ("section 2255") to have his conviction and sentence set aside. For the reasons set forth below, the motion is denied and this case is dismissed.

### Discussion

Dryg is entitled to relief under section 2255 if he can "demonstrate that there are flaws in [his] conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995).

Section 2255 is not a substitute for an appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled in part on other grounds, Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Consequently, Dryg cannot raise on this motion any nonconstitutional issues that he did not raise on appeal. Id. Morever, with one exception, Dryg may not raise any constitutional issues he did not raise on appeal unless he can show: 1) cause for failing to appeal them and "actual prejudice" from his failure to do so; or 2) "that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." Id.; McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). The exception is certain ineffective assistance of counsel claims. If an ineffective assistance claim cannot be proven through the trial record alone, it can be raised for the first time in a section 2255 motion. United States v. Alcantar, 83 F.3d 185, 191 (7th Cir. 1996).

Dryg's amended motion raises thirty-three claims. Seventeen of them (Nos. 10-12, 19-30, 32-33), are nonconstitutional claims that he did not raise on appeal. They are, therefore, barred from consideration under section 2255. Belford, 975 F.2d at 313.

Of the remaining sixteen claims (Nos. 1-9, 13-18, 31), six charge ineffective assistance of counsel (Nos. 13-18). Three of those (No. 14, the claim that "[d]efense attorney did not go beyond discovery," No. 15, the claim that attorney Falconer "failed to preserve Yahoo! Email account and adhere to defendant's wish to disclose Ohio offense," and No. 18, the claim that "[n]ot one objection [was] raised by defense attorney to validate issues for appeal") are based on alleged omissions that would be apparent from the record. Because these claims are not dependent on outside evidence, they must meet the cause and prejudice standard to be considered on this motion.

The other three ineffective assistance claims (No. 13, the claim that attorney James Graham had a conflict of interest, No. 16, the claim that Dryg's attorneys "convinced [him] to plea based on

inaccurate information," and No. 17, the claim that attorney Volpe was ineffective at sentencing because his father was ill) depend, at least arguably, on evidence outside of the record. Accordingly, we can reach the merits of these claims even though Dryg did not raise them on appeal. Alcantar, 83 F.3d at 191.

To succeed on an ineffective assistance claim, Dryg must show that his lawyer's performance "fell below an objective standard of reasonableness" and that it prejudiced him in the proceeding. Strickland v. Washington, 466 U.S. 668, 688, 692. Prejudice, in this context, means a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In a conflict of interest case, prejudice will be presumed if: (1) "the trial judge knew or should have known that a potential conflict of interest existed and did not adequately address the issue with the defendant" or (2) the trial judge was not on notice of a potential conflict, but defense counsel's active representation of conflicting interests adversely affected his performance. United States v. Wallace, 276 F.3d 360, 366-67 (7th Cir. 2002). Dryg does not allege that the Court knew or should have known about Graham's alleged conflict. Thus, to satisfy the prejudice element of the Strickland test, Dryg must show that Graham actively represented conflicting interests and that the conflict negatively impacted his representation of Dryg.

To support his conflict of interest claim, Dryg offers a letter sent to him by Graham in April 2001 and two statements made by Graham during the proceeding. The letter, which responds to Dryg's request for his case file, states:

> I would remind you that your attorney on your case was Santo Volpe and all materials should be released through his office. As you know, I was hired by his office to aid in the sentencing portion of your case.
>
> I have and will continue to attempt to contact Mr. Volpe and ask him to ship your file to your wife at your home in Los Gatos, California.

(Section 2255 Mot., 4/18/01 Letter to Dryg from Graham.) Graham's allegedly damning statement during the sentencing hearing was: "Mr. Volpe was and always has been Mr. Dryg's primary attorney. If [the Court has] any questions regarding the actual facts, I know he knows the record . . . better than I do, so I may have him step up tp address some of those issues." (Sent. Tr. at 31.) And the statement Dryg seizes upon from the plea hearing was Graham's agreement that "there [was] no viable way to defeat the government in this case." (Plea Tr. at 9.) None of this "evidence" reveals that Graham had *any* conflict of interest, let alone one that adversely affected his representation of Dryg. Absent evidence that Graham actually represented conflicting interests, this ineffective assistance claim fails.

Next, Dryg claims that his lawyers were ineffective because they convinced him to plead guilty "based on inaccurate information." Dryg does not, however, explain what information his lawyers gave him, how it was inaccurate or how it influenced his decision to plead guilty. Because Dryg has submitted no evidence on either element of the Strickland test with respect to this claim, it must be dismissed.

Finally, Dryg claims that attorney Volpe rendered ineffective assistance at sentencing because his father was ill. Dryg does not, however, explain how Volpe's performance fell short. Absent such evidence, this claim also fails.

That leaves us with the thirteen constitutional claims (Nos. 1-9, 14-15, 18, 31) that Dryg could have raised on appeal, but did not. We may reach the merits of these claims only if Dryg can show cause for and prejudice from failing to raise them or that our refusal to consider them would "lead to a fundamental miscarriage of justice." Belford, 975 F.2d at 313; McCleese, 75 F.3d at 1177. Only one arguable cause appears in Dryg's amended motion: his claim that his lawyers failed to

preserve any issues for appellate review. But Dryg does not identify any issues that he believes his counsel waived and the record reveals none. On the contrary, the record shows that Dryg's lawyers argued vigorously against the government's view of Dryg's conduct and the upward departures it sought both in memoranda submitted to the Court and during the sentencing hearing. (See Def.'s Resp. Gov't Mot. Downward Departure; Sent. Tr. at 30-48, 54.) In short, his lawyers' alleged failure to preserve issues for review, the only "cause" for failing to appeal that Dryg offers, does not excuse Dryg's procedural default.

Dryg's last chance to have these claims reviewed is by showing that our failure to do so would lead to a fundamental miscarriage of justice. In this context, that phrase means that the "constitutional violation has probably resulted in the conviction of one who is actually innocent." Oliver v. United States, 961 F.2d 1339, 1342 n.2 (7th Cir. 1992). Because Dryg does not contend that he is actually innocent of the crime to which he pled guilty, this avenue of review is closed to him as well.

### Conclusion

For the reasons set forth above, Dryg's amended section 2255 motion to vacate or set aside his conviction and sentence is denied and this case is dismissed.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 2-20-02